```
___ FILED    X LODGED
___ RECEIVED

    JUN 0 2 2009

CLERK U S DISTRICT
DISTRICT OF ARIZONA
BY_____
```

DIANE J. HUMETEWA
United States Attorney
District of Arizona

KEVIN M. RAPP
Assistant U.S. Attorneys
State Bar Number: 014249
Email: kevin.rapp@usdoj.gov
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004
Telephone (602) 514-7500

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>          Plaintiff,<br><br>     v.<br><br>Gheorghe Babeti,<br><br>          Defendant. | CR-08-0612-02-PHX-NVW<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and defendant, Gheorghe Babeti, with the consent and agreement of defense counsel, hereby agree to the following disposition of this matter:

### PLEA

Defendant will plead guilty to the following : Count 7 a violation of Title 18, United States Code, Section 1349, Conspiracy to Commit Wire Fraud, a Class B Felony Offense.

### TERMS

Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors in Title 18, United States Code, Section 3553, in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **Maximum Penalties**

    a.  A violation of Title 18, United States Code, Section 1349, is punishable by a maximum fine of $1,000,000 (or pursuant to Title 18, United States Code, Section 3571(d), the Court may impose an alternative maximum fine of the greater of twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss suffered by another person because of the offense), a maximum term of imprisonment of thirty (30) years, a term of supervised release of five (5) years, or all three combined. If probation is available, the maximum period of probation is five (5) years.

    b.  According to the advisory Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

    (1)  Order defendant, pursuant to Title 18, United States Code, Section 3663, to make restitution to any victim of the offense, unless the Court determines that restitution is not mandatory (see Title 18, United States Code, Section 3663A) and would not be appropriate in this case;

    (2)  Order defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein; and

    (3)  Order defendant, pursuant to Title 18, United States Code, Section 3583, to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

    c.  Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on defendant of $100.00. Defendant agrees that the special assessment shall be due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.

2. **Agreements Regarding Sentencing**

  a. The parties stipulate pursuant to 11(c)(1)(C) to the following if the plea agreement is entered no later than **June 1, 2009**: (1) that the loss is between $200,000 and $400,000 (U.S.S.G. § 2B1.1(b)(1); (2) that the defendant had a minor role in the criminal activity pursuant to 3B1.2(b).

  b. The government recommends, pursuant to 11(c)(1)(B), that the defendant will receive a six level departure/variance from the applicable guidelines based on mental health issues and other family circumstances.

  c. The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the court at the time of sentencing.

  d. <u>Acceptance of Responsibility</u> Assuming the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, if the plea is entered no later than **June 1, 2009**, and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will stipulate: (1) a two-point reduction in the advisory sentence guideline offense level, as set forth in Section 3E1.1 of the Guidelines; or (2) if defendant's offense level is a level 16 or greater, before factoring in any reduction for acceptance of responsibility, the United States will recommend a three-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the U.S.S.G.

  e. <u>Criminal History Options</u> This plea agreement is expressly conditioned upon the accuracy of the defendant's criminal history as known by the government at the time of the plea. The discovery of any criminal history in addition to that known shall entitle the government to withdraw from this agreement. The government is aware of the criminal history listed in defendant's U.S. Pretrial Services report.

**3.** **Agreement to Make Restitution**

Defendant specifically agrees to make restitution as ordered by the Court, the precise amount to be determined at sentencing.

4. **Agreement to Dismiss or Not to Prosecute**

Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States will dismiss Counts 1-6 and 8-18 of the indictment. This agreement does not, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

5. **Waiver of Defenses and Appeal Rights**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the Indictment, or to the Court's entry of judgment against the defendant, and imposition of sentence upon the defendant, provided the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

6. **Perjury and Other False Statement Offenses or Other Offenses**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and evidence which defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

7. **Reinstitution of Prosecution**

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically

4

reinstated. In such event, defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**8.     Disclosure of Information to U.S. Probation Office**

Defendant will cooperate fully with the U.S. Probation Office. Such cooperation will include truthful statements in response to any questions posed by the U.S. Probation Office, including, but not limited to:

a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

b. All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

c. All history of drug abuse which would warrant a treatment condition as part of sentencing.

d. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**9.     Forfeiture, Civil, and Administrative Proceedings**

a. Nothing in this agreement shall be construed to protect defendant from civil or administrative forfeiture proceedings, or prohibit the United States from proceeding with and/or initiating a civil or administrative forfeiture action. If requested by the United States, the defendant will testify in any civil or administrative forfeiture proceeding, and such testimony will be truthful.

b. Defendant will identify all assets, and identify the source of income used to obtain the assets. Defendant will identify all assets used to facilitate the commission of any crime charged in the Indictment. Defendant will accurately and completely complete a Financial Statement of Debtor, OBD-500 Form. Defendant agrees to take all steps as requested by the

United States to obtain from any other parties, by any lawful means, any records of assets owned by the defendant.

    c.    If so requested by the United States, defendant will consent to the forfeiture of all forfeitable assets, and shall transfer such assets to the United States as directed by the United States.

## ELEMENTS AND FACTUAL BASIS
### ELEMENTS

I, Gheorghe Babeti, agree that if this matter were to proceed to trial, the United States could prove I committed the crime of conspiracy to commit Wire Fraud within the District of Arizona during the times specified in the Indictment. Specifically, I agree that at trial, the United States could prove the elements of the crime and the facts set forth below beyond a reasonable doubt.

### Elements

**Conspiracy**

I understand that the essential elements of Conspiracy, in violation of Title 18, United States Code, Section 1349, are as follows:

(1) Within the time frame set forth in the Indictment, there was an agreement between two or more persons to commit one or more of the crimes of Wire Fraud;

(2) Defendant became a member of the conspiracy knowing of at least one of its objects (Wire Fraud) and intending to help accomplish it; and

(3) One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

### Wire Fraud

I understand that the essential elements of Wire Fraud, in violation of Title 18, United States Code, Section 1343, are as follows:

1    (1) Within the time frame set forth in the Indictment, defendant and other co-conspirators made up a scheme or plan for obtaining money or property by making false promises or statements;

(2) Defendant and other co-conspirators knew that the promises and statements were false;

(3) The promises or statements were material, that is they would reasonably influence a person to part with money or property;

(4) Defendant and other co-conspirators acted with the intent to defraud; and

(5) Defendant and other co-conspirators used, or caused to be used, wire, radio or television communications in interstate or foreign commerce to carry out an essential part of the scheme

### I     Conspiracy to Commit Wire Fraud

From July 1, 2006, through November 2, 2006, in the District of Arizona, at the direction of my daughter Georgiana Dobos and son-law Samuel Dobos, I signed ten residential loan applications for the properties detailed in the indictment. Each application contained the following false information: the intent to occupy the property as a primary residence, an overstatement of gross monthly wages, representation that I worked at or held a position at a company known as Woodpro and I further misrepresented my assets and liabilities.

As a result of these false statements, a lending institution approved my application for a loan and wired funds from outside of the District of Arizona to a financial institution in Arizona. I would attend the closings at escrow companies located in Phoenix, sign necessary documents to close the transactions, and received some portion of the proceeds. I never occupied the homes that I purchased or otherwise took control of them. Indeed, I never had any intention of living at any of the homes that I purchased.

This is not complete statement of my role in the conspiracy.

### I Swear to the Accuracy of My Statements

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

### DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the Court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that, if I violate any of the conditions of my probation/

supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am very satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

05/27/2009
Date

Gheorghe Babeti
Defendant

**DEFENSE ATTORNEY'S APPROVAL**

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client.

9

I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

05/27/2009
Date

Kurt M. Altman
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

6/2/09
Date

KEVIN M. RAPP
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

_____
Date

NEIL V. WAKE
United States District Judge

10