Kurt M. Altman
Arizona Bar Number 015603
**KURT M. ALTMAN, P.L.C.**
Attorney at Law
4848 East Cactus Road, Suite 505-102
Scottsdale, Arizona 85254
attorneykaltman@yahoo.com
Phone: (602) 689-5100
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>       Plaintiff,<br><br>  v.<br><br>Gheorghe Babeti,<br><br>       Defendant. | Case Number: CR08-0612-PHX-NVW<br><br>**DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**<br><br>Assigned to Honorable Neil V. Wake |

    Defendant Gheorghe Babeti, by and through his counsel, Kurt M. Altman, respectfully files the following Objections to the Presentence Report, drafted by Justine L. Kozak, of the United States Probation Office for the District of Arizona.

**Defendant's First Objection:**

    Defendant objects to the calculated loss attributed to him in the Presentence Report. Specifically, defendant objects to paragraphs 20 and 33 of the PSR which indicate the loss attributable to Mr. Babeti in this matter is $2,285,722 and that Mr. Babeti was an "average participant" in the scheme. In order for the government to prove a sentencing enhancement under the United States Sentencing Guidelines they must prove that enhancement by a preponderance of the evidence standard. *See, United States v. Restrepo,* 946 F.2d 654, 659 (9th Cir.1991) (*en* banc), *cert denied,* 503 U.S. 961, 112 S.Ct. 1564, 118 L.Ed.2d 211 (1992)). In the present case, at best

the $2,285,722 loss amount is an estimate at best. Paragraph 18 indicates that the case agent estimated the loss amount by taking what the loan amount on each house was and subtracting the ultimate foreclosure sale price of the properties. At best this calculation is the agent's conclusion of the loss. However the actual loss in this case attributable to defendant is much less clear. For example, on each one of these properties, banks loaned money in excess of the actual market value of the home. Throughout the scheme presented in this case, the one issue that was rarely hidden was the fact that "cash back" was taking place at closing. "Cash back" in and of itself is not necessarily illegal. The banks themselves were speculating on the housing market's continued rise when lending. By no means is this objection designed to reduce the responsibility of Mr. Babeti, it is simply an illustration of the difficulty in actually determining a loss in the case. Paragraph 28 of the PSR supports the assertion. Many banks involved in this saga have been uncooperative with authorities who are trying to ascertain the amount of loss. Presumably this lack of cooperation is a result of the shabby lending procedures in place at the time of these offenses. Lending practices themselves, which if scrutinized, would surely border on criminally negligent behavior.

In light of the extreme difficulty in determining actual loss the government and defendant entered into a plea agreement with an 11(c)(1)(C) agreement to a loss amount between $200,000 and $400,000 as to this defendant. As such, defendant objects to the loss amount in paragraph 20 and 33, of $2,285,722.

**Defendant's Second Objection:**

Defendant objects to paragraphs 33 through 40 of the PSR which contain the actual offense level calculations. The PSR concludes that the final offense level after a 3 level reduction for acceptance of responsibility pursuant to *U.S.S.G. 3E1.1(b)* is 22. Defendant objects to the final calculation and believes that the appropriate final offense level should be 16 (this of course is prior

to any potential departures considered by the Court and requested under separate pleadings by defendant). Defendant asserts the calculations should be as follows:

| | | |
|---|---|---|
| Base level | 7 | *U.S.S.G. 2B1.1(a)1* |
| Loss Amount | 12 | *U.S.S.G. 2B1.1(b)(1)(g)* |
| 10 or more victims | 2 | *U.S.S.G. 2B1.1(b)(2)(A)(i)* |
| **Sub Total** | **21** | |
| Minor Role | -2 | *U.S.S.G. 3B1.2(b)* |
| Acceptance | -3 | *U.S.S.G. 3E1.1(b)* |
| **TOTAL** | **16** | **21-27 months range** |

For the reasons stated herein, undersigned respectfully requests this Court grant Defendant's Objections to the Presentence Report.

Excludable delay under 18 U.S.C. § 3161(h)(8)(A) may result from this motion.

RESPECTFULLY SUBMITTED this 10th day of August, 2009.

**KURT M. ALTMAN, P.L.C.**

*s/ Kurt M. Altman*

_____

KURT M. ALTMAN
Attorney for Defendant

I hereby certify that on August 10, 2009, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

The Honorable Neil V. Wake
United States District Court Judge
wake_chambers@azd.uscourts.gov

Kevin Rapp
Assistant U.S. Attorney
kevin.rapp@usdoj.gov


      *s/ Kurt M. Altman*